UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.: 1:19-CV-00502-HAB-SLC |
| | ) |
| FINCANNON FORD, INC., f/k/a | ) |
| FINCANNON FORD-MERCURY, INC., | ) |
| LINDA MUGHMAW, a/k/a | ) |
| LINDA FINCANNON, | ) |
| MATTHEW FINCANNON, and | ) |
| STANLEY BOURFF, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF FORD MOTOR CREDIT COMPANY LLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR DEFAULT JUDGMENT</u>**

Respectfully submitted,

PHILLIPS LYTLE LLP
Attorneys for Plaintiff
*Ford Motor Credit Company LLC*
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400

Craig A. Leslie
– Of Counsel –

**PRELIMINARY STATEMENT**

Plaintiff Ford Motor Credit Company LLC ("Ford Credit") requests that the Court enter a default judgment against Defendants Matthew Fincannon ("Mr. Fincannon") and Stanley Bourff ("Mr. Bouff") for failure to plead or otherwise defend in a timely manner, as provided by Federal Rule of Civil Procedure 55.

**FACTUAL AND PROCEDURAL HISTORY**

The facts and circumstances underlying Ford Credit's claims against Mr. Fincannon and Mr. Bourff are set forth fully in the Declaration of Bryan W. Banks, Ford Credit's Regional Manager for the Cincinnati Region, submitted in support of Ford Credit's motion for default judgment (the "Banks Decl."). Stated briefly, Ford Credit commenced this action on November 26, 2019 against Fincannon Ford, Inc., f/k/a Fincannon Ford-Mercury, Inc. ("Fincannon Ford") and Linda Mughmaw a/k/a Linda Fincannon to recover damages arising from Fincannon Ford's breach of its contractual obligations to Ford Credit and from Ms. Mughmaw's breach of a personal guaranty. Declaration of Craig A. Leslie ("Leslie Decl.") ¶ 6. On August 5, 2020, Ford Credit filed a Second Amended Complaint adding as defendants: (a) Mr. Fincannon, the former principal-in-fact and Chief Executive Officer of Fincannon Ford; and (b) Mr. Bourff, the former manager of Fincannon Ford, based upon Mr. Fincannon's and Mr. Bourff's day-to-day management of Fincannon Ford and the fraud perpetrated by Fincannon Ford against Ford Credit. Leslie Decl. ¶¶ 7-8.

Despite being properly served with Ford Credit's summons and Second Amended Complaint on August 15, 2020, Mr. Fincannon and Mr. Bourff failed to appear or answer. Leslie Decl. ¶¶ 9-10. Accordingly, the Clerk of the Court entered Mr. Fincannon and Mr. Bourff's defaults on September 16, 2020. *Id.* ¶ 12. (ECF No. 60).

## **DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANTS**

Federal Rule of Civil Procedure 55 contemplates a two-step process for entry of default judgment. *See Design Basics, LLC v. Clayton Homes of Lafayette, Inc.*, No. 4:18-CV-95, 2019 WL 3402257, at *1 (N.D. Ind. July 25, 2019). First, the moving party must seek entry of default by the Clerk of the Court upon the non-movant's failure to plead or otherwise defend. Fed. R. Civ. P. 55(a). Second, the moving party may seek entry of default judgment. Fed. R. Civ. P. 55(b)(1)-(2).

In the Seventh Circuit, upon a motion for entry of a default judgment, "[a]ll well-pleaded facts are taken as true for purposes of liability." *Jeffers v. Houpt*, No. 3:17-CV-731, 2018 WL 4680024, at *2 (N.D. Ind. Sept. 20, 2018). Further, the moving party is entitled to entry of the default judgment so long as "the complaint supports the requisite elements for liability on a claim." *Santangelo v. Cantrell*, No. 2:13-CV-294, 2015 WL 2449589, at *4 (N.D. Ind. May 21, 2015).

Mr. Fincannon and Mr. Bourff were properly served with Ford Credit's summons and Second Amended Complaint on August 15, 2020, and the Clerk of the Court entered the defaults on September 16, 2020. Leslie Decl. ¶¶ 9-12. Because Mr. Fincannon and Mr. Bourff were properly served, and have failed to respond, Ford Credit's well-pleaded allegations against them are taken as true, and they are both liable to Ford Credit for breach of contract and fraud. *See, e.g.*, *Mathioudakis v. Conversational Computing Corp.*, No. 1:12-CV-00558, 2012 WL 4052316, at *3 (S.D. Ind. Sept. 13, 2012) (outlining factors that warrant piercing the corporate veil); *Oyebade v. Boston Scientific Corp.*, 955 F. Supp. 2d 920, 945 (S.D. Ind. 2013) ("To prove a fraud claim under Indiana law, [the plaintiff] must demonstrate: (1) a material misrepresentation of past or existing fact; (2) which was untrue; (3) which was

made with knowledge of or in reckless ignorance of its falsity; (4) which was made with the intent to deceive; (5) which was rightfully relied upon by the complaining party; and (6) which proximately caused the injury or damage complained of."). Ford Credit's Second Amended Complaint contains well-pleaded allegations establishing the requisite elements of both its "piercing the veil" and fraud claims against both Mr. Fincannon and Mr. Bourff. (ECF No. 54 at ¶¶ 40-52, 71, 88-96).

Accordingly, Ford Credit is now entitled to recover its damages, as set forth in its Second Amended Complaint, together with contractual interest, costs, attorneys' fees, and expenses.

### PLAINTIFF IS ENTITLED TO DAMAGES INCLUDING CONTRACTUAL INTEREST, COSTS, ATTORNEYS' FEES AND EXPENSES

To establish the judgment amount plaintiff is entitled to, a court "*may* conduct hearings or make referrals … when … it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed.R.Civ.P. 55(b)(2)(A)-(D) (emphasis added); see *Design Basics*, 2019 WL 3402257, at *1. A hearing is not required, however, when "'the amount claimed is liquidated or capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits.'" *Echostar Technologies LLC v. Kincaide*, No. 2:16-CV-354, 2017 WL 6994540, at *2 (N.D. Ind. Sept. 25, 2017) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

In this case, the Declarations of Bryan W. Banks, Craig A. Leslie, Esq. and Harley K. Means, Esq. establish the damages that Ford Credit is entitled to recover, and Ford Credit submits that no damages hearing is necessary. Specifically, Mr. Banks' Declaration demonstrates that Mr. Fincannon and Mr. Bourff are personally liable for the indebtedness

of Fincannon Ford in the amount of $1,346,196.22, which is the amount still due to Ford Credit, as of October 16, 2020, under the terms of the Automotive Wholesale Plan Application for Wholesale Financing and Security Agreement (the "Wholesale Agreement") between Fincannon Ford and Ford Credit.  Alternatively, Mr. Banks' Declaration establishes that Ford Credit is entitled to $1,346,196.22 in damages based on the fraud perpetrated against Ford Credit by Mr. Fincannon and Mr. Bourff, who misrepresented sales information and caused false and fraudulent monthly financial reports to be filed with Ford Credit on behalf of Fincannon Ford.  Banks Decl. ¶¶ 15-21.

Mr. Banks' Declaration further confirms that, pursuant to the terms of the Wholesale Agreement, Ford Credit is entitled to recover from Mr. Fincannon and Mr. Bourff the attorneys' fees and expenses it has incurred to recover the indebtedness.  To date, Ford Credit has incurred a total of $61,416.52 for such attorneys' fees, costs and expenses.  Leslie Decl. ¶ 16; Means Decl. ¶ 7.

In light of the total amounts claimed by Ford Credit, and the amount and nature of the work done on this matter, Ford Credit's attorneys' fees, costs, and expenses are reasonable and the work performed by said attorneys was necessary.  *See* Leslie Decl. ¶¶ 10-21; Means Decl. ¶¶ 10-12.

## CONCLUSION

Ford Credit is entitled to a default judgment against Mr. Fincannon and Mr. Bourff, who were properly served and have failed to respond and defend the claims against them. Based on the well-pleaded allegations against them in Ford Credit's Second Amended Complaint, as well as the Banks Declaration, Mr. Fincannon and Mr. Bourff are personally liable to Ford Credit for the outstanding indebtedness of Fincannon Ford and for damages

for fraud in the amount of $1,346,196.22.  Banks Decl. ¶¶ 28-29.  Additionally, under the Wholesale Agreement, Ford Credit is entitled to reasonable expenses and attorneys' fees in the amount of $61,416.52.  Ford Credit therefore respectfully requests that this Court enter a default judgment against Mr. Fincannon and Mr. Bourff in the total sum of $1,407,612.74.

Dated:  October 23, 2020

PHILLIPS LYTLE LLP

By:   /s/ Craig A. Leslie
Craig A. Leslie, Esq. (Pro Hac Vice)
One Canalside
125 Main Street
Buffalo, New York  14203
Telephone No. (716) 847-8400
Fax No. (716) 852-6100
cleslie@phillipslytle.com

Harley K. Means, Atty. No. 23068-32
John J. Petr, Atty. No. 5707-49
Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana  46204-5125
Telephone No. (317) 692-9000
Fax No. (317) 264-6832
hmeans@kgrlaw.com
jpetr@kgrlaw.com

*Attorneys for Plaintiff*
*Ford Motor Credit Company LLC*