UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Cause No. 1:19-CV-502-HAB |
| FINCANNON FORD, INC., et al., | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Release Replevin Bond and Request for Expedited Hearing. (ECF No. 93). Plaintiff asserts, generally, that since liability has been shown as to all Defendants except one, it is entitled to the release of a $2,346,587.62 replevin bond filed in early 2020. Defendant Fincannon Ford, Inc. ("Fincannon") disagrees, arguing that, until a monetary judgment is entered, the bond should stand. (*See* ECF No. 98). The Court agrees with Fincannon and will deny the motion.

**A.    Procedural History**

Plaintiff sued in late 2019 alleging that Defendants breached various contracts related to the financing of vehicle inventory at Defendants' car dealership. The suit asserted claims for replevin of its collateral, breach of contract, breach of guaranty, and conversion. Near the outset of the case, the parties agreed that Plaintiffs could take possession of the collateral—consisting mostly of Fincannon's vehicle inventory—upon the posting of a replevin bond in the amount set forth above. Plaintiff posted the bond and took possession of the collateral. Plaintiff asserts that it has since sold the collateral "in a commercially reasonable manner." The proceeds of that sale were then applied to Defendants' claimed indebtedness.

In the interim, the litigation has gone swimmingly for Plaintiff. It obtained default judgment on liability against two Defendants. (ECF No. 63). It also obtained summary judgment on liability against Fincannon. (ECF No. 84). All that remains of this litigation, at least as for Fincannon[1], is a trial on damages.

**B.     Legal Analysis**

As both parties note, the replevin bond is subject to the requirements of Indiana Code § 32-35-2-21. *See* Fed. R. Civ. P. 64(a) (applying state law to replevin actions filed in federal court). That statute provides:

> Except as provided in subsection (c), the court may not issue an order of possession, with or without notice, in the plaintiff's favor in an action under this chapter until the plaintiff has filed with the court a written undertaking:
>
> (1) in an amount fixed by the court; and
>
> (2) executed by a surety to be approved by the court;
>
> to the effect that the plaintiff and the surety are bound to the defendant for the value of the property, as determined by the court, along with other damages the defendant may suffer if the property has been wrongfully taken from the defendant.

Ind. Code § 32-35-2-21(a).

Replevin bonds are interpreted like any other contract. *Shaver v. Kappellas*, 83 Ind. App. 338, 146 N.E. 858, 859 (1925). The terms of the bond here state that Plaintiff and the bond issuer are bound:

> upon condition that Plaintiff, in the above titled cause shall prosecute action of replevin against Defendants with effect and without delay, and that Plaintiff shall return the property to the Defendants if return thereof be adjudged, and in default of such delivery, for the payment of the assessed value of such property and for the payment of all damages for the taking and detention thereof, and for all costs that may accrue in this action, then this bond to be void, otherwise to remain in full force and effect . . . .

---

[1] A jury trial will also be held on Defendant Linda Mugmaw's liability to Plaintiff under an alleged guaranty. (*See* ECF No. 84 at 7–10).

2

(ECF No. 51-1 at 1–2) (all sic). The Court interprets this language as requiring the bond to be in effect so long as the replevin action remains pending. This interpretation tracks Indiana law. *Brown v. Parker*, 5 Blackf. 291, 292 (Ind. 1840) ("The action of replevin must be prosecuted to a successful decision, otherwise it is no [sic] compliance with the condition of the replevin-bond.").

Plaintiff's replevin action has not been prosecuted to a successful conclusion. Plaintiff still must prove the amount, if any, of the damages it suffered because of Defendants' conduct. Until Plaintiff obtains a judgment for more than the value of the seized collateral, the purpose of the bond has not been fulfilled. The request to release the bond is premature and is denied.

**C.    Conclusion**

For these reasons, Plaintiff's Motion to Release Replevin Bond and Request for Expedited Hearing (ECF No. 93) is DENIED.

SO ORDERED on July 29, 2021.

        s/ Holly A. Brady
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT