UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 1:19-CV-00502-HAB-SLC |
| FINCANNON FORD, INC., f/k/a FINCANNON FORD-MERCURY, INC., and LINDA MUGHMAW, a/k/a LINDA FINCANNON, MATTHEW FINCANNON, and STANLEY BOURFF, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This case is winding to a close. Plaintiff has a judgment of liability against Defendants Matthew Fincannon ("Matthew") and Stanley Bourff ("Stanley"). (ECF No. 63). They have a judgment of liability against Defendant Fincannon Ford, Inc. ("Fincannon") (ECF No. 84). And now, apparently, they have resolved their claims against Fincannon and Defendant Linda Mughmaw ("Linda"). (ECF Nos. 104, 106). So far, so good.

Alas, a snag has arisen. Plaintiff would now like the Court to enter judgment against Fincannon in the amount of $1,537,466.44 (*see* ECF No. 104 at 1) and dismiss Linda without prejudice (*see* ECF No. 106 at 1). The Court held a telephonic hearing to discuss Plaintiff's requests with the parties. (ECF No. 109). The Court concludes, based on the record and the hearing, that it cannot accommodate either of Plaintiff's requests.

Turning to the judgment first. The Court reminds Plaintiff of its order from one year ago:

> While the entry of default judgment against fewer than all defendants in an action
> is proper, a damages hearing may not be held until the liability of each defendant

> has been resolved. This is because, where liability is joint and several (as it would be in Plaintiff's breach of contract claims), a damage determination as to defaulted defendants risks inconsistent damage awards on a single claim. Here, [Ford] and [Linda] are actively defending Plaintiff's claims. Should they prevail, even in part, on Plaintiff's breach of contract claim, there would be different damage awards as to different Defendants in a joint and several liability claim, something that is prohibited under Seventh Circuit law. Thus, the Court cannot enter a money judgment on the breach of contract claim until the liability of all Defendants is determined.

(ECF No. 63 at 8) (citations omitted). True, the Court was speaking about entering a money judgment against a defaulted party before a defending one. But the Court sees no fewer problems if the scenario is reversed. There is still the possibility of different damage awards against different defendants in a joint and several liability claim. That scenario is still prohibited by Seventh Circuit precedent. *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1262 (7th Cir. 1980).

The Court asked counsel about the joint and several issue at the telephonic hearing. Counsel for Plaintiff answered by asserting that the claims against Matthew and Stanley were for fraud only, and therefore not joint and several with any judgment against Fincannon. This answer is incompatible with the operative complaint. In Plaintiff's Second Amended Complaint, it alleged:

> 71. Mr. Fincannon and Mr. Bourff are also personally liable to Ford Credit for Fincannon Ford's breaches of contract based upon their day-to-day control over Fincannon Ford's daily operations, misuse of the corporate form, their fraudulent activities and misrepresentations to Ford Credit, the undercapitalization of Fincannon Ford, and the use of dealership funds to pay personal expenses.
>
> WHEREFORE, Ford Credit respectfully requests that the Court grant judgment in its favor against Fincannon Ford, Mr. Fincannon, and Mr. Bourff in the amount of $1,491,782.05, together with such additional costs, interest, attorney fees, and other and further relief as the Court deems proper.

(ECF No. 54 at 14). This is the very definition of a joint and several liability claim. Plaintiff has requested, and received, an entry of default against Matthew and Stanley on the contract claim. The Court concludes that a damage finding on that claim must be made against all liable parties.

The request to dismiss Linda fares no better. Federal Rule of Civil Procedure 41(a) provides the terms upon which parties can voluntarily dismiss an action. Fed. R. Civ. P. 41(a). The Seventh Circuit has indicated that Rule 41(a) should be used for the limited purpose of dismissing an entire action rather than for dismissal of individual parties or piecemeal claims. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Although some courts have held otherwise, we've said that Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing an action—which is to say, the whole case.") (citation and internal quotations marks omitted)).[1] According to the Seventh Circuit, Rule 41(a) is not the proper vehicle for dropping individual parties or claims; instead, courts should allow a plaintiff to amend his complaint under Federal Rule of Civil Procedure 15(a). *Id*. The only way to dismiss Linda, then, is to file an amended complaint that omits the claim against her.

Plaintiff is not without options to proceed. It could try the guaranty claim against Linda. At the conclusion of that trial, liability would be determined as to all Defendants and a damage determination could be made. It can file the amended complaint omitting Linda and proceed against the remaining Defendants.[2] It could dismiss every Defendant other than Fincannon, at which time the proposed judgment could be entered. It could convince Linda to agree to an entry of judgment against her, with the parties left to decide how that judgment is collected. There may

---

[1] The *Taylor* case involved Rule 41(a)(2) instead of 41(a)(1), but the court specifically noted that "*both* provisions refer exclusively to 'actions'—which, as *Berthold Types* said, means the entire case." *Taylor*, 787 F.3d at 857 (citing *Berthold Types Ltd. v. Adobe Sys. Inc*., 242 F.3d 772, 777 (7th Cir. 2001) and *Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011)).

[2] Of course, the filing of an amended complaint reopens the door for Matthew and Stanley to file an answer. For this reason, counsel for Plaintiff has indicated Plaintiff does not wish to pursue this course.

be other options the Court has not considered. What it cannot do, however, is pursue piecemeal judgments and piecemeal dismissals against jointly and severally liable defendants.

For these reasons, the Stipulation for Entry of Judgment (ECF No. 104) and Partial Stipulation of Discontinuance (ECF No. 106) are DENIED.

SO ORDERED on October 25, 2021.

                                             s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT